**In Re Anonymous No. 61 D.B. 82**

Disciplinary Board Docket No. 61 D.B. 82.

HELWIG, *Board Member,* November 18, 1983 — Pursuant to Rule 208(d)(2)(iii), the Disciplinary Board submits the following recommendation:

## SUMMARY OF NATURE OF THE CASE

These proceedings arise out of the fact that in August 1974, Respondent, who was solicitor for the supervisors of [A] Township in [B] County, affixed the purported signatures of the [A] Township supervisors and of the Township secretary to a written agreement regarding the purchase of a refuse pile of coal and sludge which was owned by the township. Respondent then caused a false acknowledgement of these signatures to be added by his secretary.

Because of these matters, a petition for discipline was filed in October 1982 which was submitted to hearing committee [   ] and hearing held in December 1982. After hearing, the hearing committee determined that respondent had violated Disciplinary Rules 1-102(A)(4), 1-102(A)(6) and 7-102(A)(5), and pursuant to the abbreviated procedure provided for in Section 89.181, the hearing committee, by majority vote, recommended a private reprimand. One of the members of the hearing committee dissented from the recommendation, expressing the belief that respondent should be subjected at least to public reprimand. Although both petitioner and respondent accepted the determination of the hearing committee, when the matter was reviewed by the board, it was the unanimous decision of the board that the matter should be remanded to the hearing committee for further proceedings, as provided in paragraph (8) of Section 89.181(c), because the type of discipline proposed was not acceptable to the board.

After remand, the hearing committee submitted a formal report which set forth its findings and conclusions and reaffirmed its earlier recommendation that the appropriate discipline should be a private reprimand, with the dissenting member of the hear-

ing committee again asserting that respondent be subjected at least to a public reprimand.

## FINDINGS AND RECOMMENDATION
## OF THE BOARD

There being no disagreement between the parties to this action concerning the findings of fact and conclusions of law, the board, after review of the record and of the pleadings and briefs in this matter, adopts and incorporates herein by reference the findings of fact and conclusions of law set forth in the report of hearing committee [ ] filed with the board on September 19, 1983.

However, the board, after review of the report and of the matters previously considered in connection with this matter, continues to be of the opinion that the discipline recommended by the dissenting member of the hearing committee is the appropriate discipline to be imposed, namely, that respondent be subjected to public censure by the Supreme Court without probation. Two members of the board dissented from this decision and would recommend more serious punishment.

Both in the report submitted by the hearing committee under abbreviated procedures and in its formal report, the majority members of the committee expressed the view that the private reprimand was the appropriate discipline because of respondent's prior unblemished reputation and character; respondent's candid concession that his actions were wrong and that at the time of such actions, he had been experiencing family difficulties and other problems which had since been abated; that respondent had personally reimbursed the township for any economic loss which it had suffered as a result of respondent's misconduct; and that respon-

dent's actions were in no way related to the accomplishment of any personal gain.

Because of the seriousness of the conduct involved, however, the board believes that respondent should appear before the Supreme Court for public censure and that no lesser discipline would accomplish the goals of disciplinary proceedings.

On the other hand, the majority of the Board also respectfully disagree with the views of the two dissenting members which seem to reflect a belief that the discipline imposed must always be uniformly consistent with the nature of the misconduct involved. The Supreme Court, in its recent decision in the case of Robert S. Lucarini, (No. 383 Discip. Docket No. 2 — Supreme Ct.), rejected this view and emphasized that consistency of discipline must give way to individual considerations of appropriateness in each case in light of all factors. In the present case, while the board disagrees with the majority of the hearing committee that a private reprimand would be sufficient, the majority of the board believes that public censure would be the appropriate discipline for respondent in the circumstances of this case.

The board also recommends that respondent be directed to pay the necessary expenses incurred in the investigation and prosecution of this proceeding.

Mrs. Hammerman and Mr. Krawitz dissent and would recommend a one year suspension.

## ORDER

ROBERTS, *C. J.*, And now, this December 19, 1983, the Recommendation of the Disciplinary Board dated November 18, 1983, is accepted, and it is hereby ordered that [Respondent] be subjected to

public censure by the Supreme Court at the session of court commencing March 5, 1984, in [   ]. It is further ordered that respondent shall pay costs, if any, to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.